## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 17-35623 |
| OFFSHORE SPECIALTY FABRICATORS, LLC, | Chapter 11 |
|     Debtor. | |
| DAVID WEINHOFFER as Liquidating Trustee of the OFFSHORE SPECIALTY FABRICATORS, LLC LIQUIDATING TRUST, | Ad. Proc. No. 20-03444 |
|     Plaintiff, | |
| v. | |
| J.A.H. ENTERPRISES, INC. d/b/a Henderson Auctions, | |
|     Defendant. | |

**LIQUIDATING TRUSTEE'S UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

David Weinhoffer, as the Liquidating Trustee (the "Trustee") of Offshore Specialty Fabricators, LLC ("OSF" or "Debtor") Liquidating Trust, files this unopposed motion (the "Motion") for entry of an order, substantially in the form of the order annexed hereto (the "Proposed Order"), dismissing the above-captioned adversary proceeding (the "Adversary Proceeding") with prejudice. In support of the Motion, the Trustee respectfully states the following:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein is section 105(a) of the Bankruptcy Code and rule 7041 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**A. Case Background**

4. On October 1, 2017, OSF filed for bankruptcy in the United States Bankruptcy Court, Southern District of Texas (the "Bankruptcy Court"), Case No. 17-35623.

5. On October 26, 2018, the Bankruptcy Court issued an order (the "Confirmation Order") confirming the official committee of unsecured creditors of OSF's First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code (collectively the "Plan"). *See* Doc. No. 748

6. The Plan provides means for the implementation of the Plan. Specifically, a Liquidating Trust is established for the benefit of the holders of Class C-1 Claims (the "Liquidating Trust"). The Plan also provides for adequate reserves for the holders of Class C-3 Claims to be

administered by the Liquidating Trustee of the Liquidating Trust. Further, all assets of the Debtor, other than those assets transferred pursuant to the settlement with the Affiliates and U.S. Specialty Insurance Company, is transferred to the Liquidating Trust. The Liquidating Trust is governed under the Liquidating Trust Agreement, which is attached to the Plan. *See* Doc. No. 748

7. On March 19, 2018, OSF filed a motion seeking the Bankruptcy Court's approval to sell its non-barge assets on behalf of the trust, including a large housing accommodations unit (hereinafter the "Module"). *See* Doc. No. 553.

8. On April 23, 2018, the Bankruptcy Court approved OSF's motion and the sale of the Module pursuant to a public bid process set forth in the motion. Specifically, Exhibit 1 – Unit Sale Procedures stated, "Certain Assets Classes to be Auctioned: Henderson Auctions will market and sell the accommodations unit reflected in Exhibit A (the "Unit") via its on-line and live auction process." *See* Rec. Doc. 597.

9. On April 24, 2018, David Weinhoffer, in his capacity as CRO for OSF, entered into an Auction Agreement with Henderson Auctions.

10. On May 16, 2018, pursuant to the Auction Agreement, Henderson placed the Module for sale via online auction.

11. During the auction, Davie Shoring, Inc. ("Davie") placed a high bid of $177,500 to purchase the Module and agreed to remove it from the property upon which it was located.

12. Davie, however, refused to pay for and remove the Module and pursuant to the Auction Agreement, OSF instituted suit in Federal District Court for the Eastern District of Louisiana against Davie Shoring, Inc. for breach of contract. *See David Weinhoffer as Liquidating Trustee for Offshore Specialty Fabricators, LLC v. Davie Shoring, Inc.*, Docket No. 2:19-cv-11175 ("LAED Lawsuit").

3

13. The District Court conducted a bench trial in the LAED Lawsuit on August 19, 20 and 21, 2020.

14. The District Court rendered verdict in favor of OSF in the amount of $35,500 or 20% of the bid price.

15. The Court further found that OSF was not entitled to the entire bid price of $177,500 because Henderson Auctions advertised terms for the sale (the "<u>Terms and Conditions</u>") prior to the auction which stated, "unpaid bidders will be declared in default and will be liable for 20 percent of the bid price or a minimum of $500, whichever is greater." ("<u>Liquidated Damage Provision</u>").[1]

16. This Liquidated Damage Provision was never agreed to by the CRO and was apparently inserted in the Module Auction advertisement by Henderson's marketing department.

17. OSF never viewed, agreed to, or accepted the Liquidated Damage Provision set by Henderson and found by the Court to have been included by Henderson in its online advertisement for the auction of the Module.

18. The Liquidating Trustee has appealed the decision of the District Court. The appeal is pending as Case No. 20-30568 in the United States Court of Appeals for the Fifth Circuit.

**B.   The Adversary Proceeding**

19. The Trustee claimed that Henderson breached the Auction Agreement by altering the terms agreed to by the parties and advertising the Terms and Conditions of the auction not contained in the Auction Agreement or agreed to by OSF.

20. As a consequence of this breach, OSF brought this adversary action against Henderson seeking recovery of damages, including attorneys' fees.

---

[1] See: Adversary case No. 20-03444, Doc.No. 5-6 at p. 13.

21. In response to the Adversary Complaint, Henderson filed its Motion to Dismiss, asserting that all of the Trustee's claims against it fail as a matter of law. The Trustee disputes these assertions and was prepared to file its Memorandum in Opposition at the time of this settlement.

### C. Settlement

22. On January 8, 2021, the parties participated in a settlement conference before the Honorable Christopher M. Lopez.

23. As a result of these negotiations, the Trustee and Henderson entered into a settlement (the "Settlement") which provides, among other things, that the Trustee and Henderson shall cooperate in seeking the dismissal of the Adversary Proceeding.

## RELIEF REQUESTED AND BASIS FOR RELIEF

24. By this Motion, pursuant to Bankruptcy Rule 7041, the Trustee seeks entry of an order, substantially in the form of the Proposed Order, dismissing the Adversary Proceeding with prejudice.

## BASIS FOR RELIEF

25. Bankruptcy Rule 7041 incorporates rule 41 of the Federal Rules of Civil Procedure into the Adversary Proceeding. Rule 41 of the Federal Rules of Civil Procedure allows dismissal of an action by court order. F. R. Civ. P. 41(a)(2).

26. Under section 3.3(g) of the Liquidating Trust Agreement, which was approved in connection with the Confirmation Order, the Trustee can settle the Adversary Proceedings with the consent of the Oversight Committee by giving seven days' notice and an opportunity to object. The Trustee has provided the Oversight Committee the requisite notice and no member of the Oversight Committee has objected to the settlement with Henderson.

27. In the Settlement, the Trustee and Henderson agreed that the Settlement shall not be deemed as res judicata, collateral estoppel, or for any other purpose, (i) an admission of any liability by Henderson or the Trustee, or any of their employees, professionals, agents, or assigns, (ii) a determination of damages relating in any way to Davie Shoring, Inc.'s non-payment for the Module in connection with the May 2018 auction, or (iii) a cap on any damages that may be assessed against Davie Shoring, Inc. in any litigation between the Trustee and Davie Shoring, Inc. The Trustee and Henderson also agreed to request that the Court make the foregoing findings in connection with the order dismissing the Adversary Proceeding.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, dismissing the Adversary Proceeding and granting such other relief that is just.

Dated: February 11, 2021

\

Respectfully Submitted,

**PARKINS LEE & RUBIO LLP**

*/s/ Charles M. Rubio*
Charles M. Rubio
Texas Bar: 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Telephone: 646-419-0181
Email: crubio@parkinslee.com

*Counsel for David Weinhoffer as OSF Liquidating Trustee*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 11, 2021, a true and correct copy of this Motion was served on (i) all parties registered to receive ECF notification in the above captioned case, (ii) by first class mail on all parties on the attached mailing list.

                                                     */s/ Charles M. Rubio*